**William B. EVANS, Appellant,**
**v.**
**CARROLL & CO., Appellee.**
**No. 15910.**

United States Court of Appeals
Ninth Circuit.
Oct. 8, 1958.

Rehearing Denied Dec. 1, 1958.

---

Cooke, Moulton, Bellingham & Longo, W. H. Bellingham, Billings, Mont., for appellant.

Wiggenhorn, Hutton, Schlitz & Sheehy, Billings, Mont., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

Evans alleged in a complaint originally filed in the Montana State Courts charging conversion that he had ordered from defendant Carroll & Co. (a corporation engaged in the brokerage business) 75,000 shares of common stock of Colotah Uranium Co., Inc., a corporation, at a price of seven cents per share, or $5,250.-00. Evans subsequently discovered the stock was "non-deliverable," *i. e.*, it was deliverable subject to a limitation that such certificate could not be sold or transferred without the prior consent of one William L. Branch, or one Howard P. Carroll. Defendant removed the cause of action to the District Court for the District of Montana under 28 U.S.C. § 1441(a) and § 1332(a) (1)—diversity. Plaintiff is a citizen of Montana; defendant, a corporate citizen of Colorado.

A jury awarded plaintiff $15,000.00 on his $19,500.00 claim of damage, with interest from March 12, 1956.

Defendant moved the court below for an order setting aside the verdict, and for a judgment non obstante veredicto, upon three principal grounds:[1] One— that there was no showing of a *demand*

1. Actually the motion was made on twelve grounds and nineteen specified alleged errors.

by plaintiff sufficient to base a claim of conversion. Two—that the plaintiff had *ratified* the purchase of the stock with its limitation. Three—that the sale was between principals (Evans on the one hand, and Branch and Carroll on the other), and Carroll & Co. acted merely as an agent for the purchase. The motion was granted. This Court has jurisdiction of the appeal timely taken. 28 U.S.C. § 1291.

While the evidence is conflicting, the opinion of the trial judge reciting the facts is amply supported by the evidence, and there is no substantial evidence to the contrary. We adopt that portion of it as part of this opinion, and we further adopt the reasoning of the able trial judge and his ruling on the law applicable to those facts as it appears in Evans v. Carroll & Co., D.C., 155 F. Supp. 662.

It may be that Evans chose a wrong remedy in bringing his action in conversion. Perhaps if he had sued for breach of contract he might have obtained a recovery, although the determination of what his damages should be (should he have so recovered) would present a problem. We believe that the pleading and evidence, as it now exists, indicates that plaintiff is entitled to some relief, under our liberal Federal Rules of Civil Procedure. Rule 8(a), (e), (f), 28 U.S.C.

On the record below, with no change in pleading and without additional evidence, we hold that plaintiff is entitled, at a minimum, to delivery to him of the "limited" stock certificate now in evidence as Defendant's Exhibit 7.

As to whether appellant is entitled to something more, we cannot pass upon at this time, nor does this decision indicate any opinion whatsoever on the part of this Court as to whether appellant is entitled to anything more than the delivery to him of the "limited" stock certificate.

The judgment non obstante veredicto sustaining and allowing defendant's motion to set aside the verdict of the jury notwithstanding its verdict, is *affirmed;* but said judgment non obstante veredicto is *reversed* in all other particulars and the cause of action is *remanded* to the district court for the purpose of further proceedings which would enable appellant, if he so desires, to move for leave to amend his pleadings to present alternative or other claims and for a new trial upon the issues as finally settled. This will give the district court an opportunity, in its discretion, to grant or deny a trial on recast pleadings, and enable it, if it so rules, to prescribe, as a condition, reasonable terms compensating appellee for any loss or expense occasioned by appellant's failure to file adequate pleadings in the first instance. Each party is to bear its respective costs on appeal.